PER CURIAM.
The appellant pled guilty to 23 cases, involving 48 separate counts ranging from grand theft and burglary to robbery and sexual battery. Understandably, sentencing appellant on all of those charges was an unwieldy prospect. Appellant claims that the trial court failed to habitualize him on several charges, such that his sentences should be reversed. He also claims that the sentencing directives as to others were unclear. Both parties have attempted to chart the various charges and their dispositions, and what appears is confusion as to the sentences imposed. While it appears that habitualized sentences were imposed on all first degree felonies and second degree felonies, some of the court’s statements are ambiguous and contradictory as to its intent.[1] We therefore remand for clarification of each of the sentences imposed, particularly those sentences to which the court applied the habitual offender enhancement. See Stroder v. State, 599 So.2d 287 (Fla. 1st DCA 1992).
*357 Remanded for clarification consistent with this opinion.
DELL, C.J., HERSEY and WARNER, JJ., concur.

. The state concedes that except for count III of case no. 92-10819 and count III of case no. 92-12463, the remaining third degree felonies were not habitualized and need no clarification.